IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
 )
v. ) Civil Action No. 05-236
 )
HENRY CLAY BOYNES ) Criminal No. 02-1

MEMORANDUM AND ORDER OF COURT

Presently before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 (Document No. 47) filed by Henry Clay Boynes ("petitioner"). For the following reasons, petitioner's motion will be denied.[1]

On January 15, 2002, a grand jury returned a two-count indictment against petitioner charging him with possession with intent to distribute less than 100 grams of heroin and with

---

[1]. Pursuant to Rule 8(a) of the Rules Governing §2255 Proceedings, the court finds that no evidentiary hearing on petitioner's motion is required. Rule 8 provides:

> If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

Where the record affirmatively indicates that a movant's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Here, the record affirmatively establishes as a matter of law that petitioner's claim for relief is meritless and thus no hearing is required.

AO 72
(Rev. 8/82)

unlawful possession of a firearm during and in relation to a drug trafficking crime. On May 28, 2002, defendant appeared before this member of the court and voluntarily waived his right to a jury trial. After the government presented its case, defendant indicated he was not contesting his guilt as to the drug trafficking count and the court adjudged defendant guilty of that charge.[2]

At a sentencing hearing held on October 24, 2002, the court adopted as its final findings and rulings its previously issued tentative findings and rulings in which the court found petitioner to be a career offender under U.S.S.G §4B1.1 and denied petitioner's motion for a downward departure pursuant to U.S.S.G. §4A1.3 on the ground that his career offender status significantly over-represents the seriousness of his criminal history. The court sentenced petitioner to a term of imprisonment of 151 months, the low end of the applicable sentencing guideline range.

Defendant took a direct appeal from his sentence raising two arguments: (1) that this court erred by confusing the two distinct bases for downward departure under U.S.S.G. §4A1.3; and, (2) that this court failed to consider mitigating facts related to petitioner's prior offenses. The Third Circuit Court of Appeals subsequently rejected these arguments and affirmed petitioner's sentence.

---

[2] Count Two of the Indictment was dismissed by the court upon defendant's motion for failure to charge an offense under 18 U.S.C. §924(c).

Petitioner's pending §2255 motion seeks relief on the ground that the sentencing proceedings in this case violated petitioner's due process rights because they were conducted on the basis of a "material mistake of law". Specifically, petitioner asserts that the "court proceeded believing that it may not impose the sentence which is mandated by 18 U.S.C. §3553(a), i.e., a sentence which is 'sufficient, but not greater than necessary to comply with the purposes set forth in [18 U.S.C. §3553(a)(2)]." Upon due consideration of petitioner's motion and the government's response, the court finds that petitioner is procedurally barred from seeking §2255 relief because petitioner failed to raise his pending ground for relief either before this court at the time of sentencing or on direct appeal.

Petitioner's §2255 claim is predicated upon a concurring in part/dissenting in part opinion by Judge Becker in United States v. Denardi, 892 F.2d 269, 272-285 (3d Cir. 1989), in which Judge Becker suggested that there may be rare cases in which a downward departure pursuant to §3553(a) is warranted from a guideline range calculated under §3553(b) based on the factors set forth in §3553(a)(2). Judge Becker concluded that such a case would arise "only when a refusal to depart would result in a sentence plainly unreasonable in light of the statutory requirement that sentences imposed be sufficient, but not greater than necessary to meet the four purposes of sentencing." Id. at 277. Petitioner contends that his case presents the precise rare case that Judge Becker imagined in his Denardi opinion.

However, petitioner concedes that he did not raise this §3553(a)/Denardi argument either before this court at sentencing or on direct review. Because petitioner failed to raise this issue before, he is precluded from pursuing it now in a §2255 petition absent a showing of cause and actual prejudice. See United States v. Frady, 456 U.S. 152 (1984); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993) (holding that cause and prejudice standard applies to §2255 proceedings where petitioner seeks relief for alleged sentencing errors for which he failed to object before sentencing court and did not directly appeal). Here, petitioner has established neither cause for, nor actual prejudice arising from, his failure to raise his pending claim at sentencing or on direct appeal.

In order to establish "cause" for a procedural default, a petitioner must show that "'some objective factor external to the defense impeded counsel's efforts to raise the claim'". United States v. Pelullo, 399 F.3d 197, 223 (3d Cir. 2005)(quoting McCleskey v. Zant, 499 U.S. 467, 493 (1991). Examples of external impediments include, inter alia, a showing that the factual or legal basis for a claim was not reasonably available to counsel. Pelullo, 399 F.3d at 223.

Here, petitioner argues that the cause of his failure to raise this issue below was a "material mistake of law". Specifically, petitioner asserts that, at the time of sentencing on October 24, 2002, "no one knew that §3553(a) mandates that a sentencing court 'impose a sentence [which is] sufficient but not

greater than necessary to comply with the [(a)(2)] purposes even when, under 18 U.S.C. §3553(b), such a sentence is less than the one which was then otherwise mandated by 18 U.S.C. §3553(b)." Petitioner's Brief at 2 (petitioner's emphasis). Petitioner concludes that "at [the time of sentencing], and later on direct appeal, Henry Boynes and undersigned counsel did not know to invoke §3553(a). Had they known, and had they thereby alerted this Court that relief was 'there to be had' under §3553(a), then the sentence which the Court itself had envisioned could lawfully have been imposed." Petitioner's Brief at 4-5.

However, the Denardi case upon which petitioner relies in his §2255 motion was decided in 1989, 13 years prior to petitioner's sentencing hearing. Moreover, as petitioner acknowledges in his brief, a possible §3553(a) downward departure was available on October 24, 2002, as "confirmed, not just by the authorities which Judge Becker identifies, but also by the portion of the legislative history to which Judge Wald refers in Footnote 5 of her dissenting Opinion in United States v. Anderson, 82 F.3d 436, 447 (D.C. Cir. 1996)." Petitioner's Brief at 3, n. 1. Accordingly, contrary to petitioner's position, Judge Becker's concurring/dissenting opinion in Denardi and §3553(a) could have been, but were not, invoked either at the sentencing hearing or on direct appeal.

In addition, petitioner can show no actual prejudice arising from the alleged error as the issue he waived but now seeks to raise is without merit. As counsel for the government aptly

notes, Judge Becker's opinion in Denardi upon which petitioner now relies is not the law of this circuit, but instead was a concurring/dissenting opinion, and that opinion has never been used as a justification for a downward departure from career offender status either in this circuit or any other circuit.

Petitioner argued before this court at sentencing that a guideline sentence calculated based on defendant's status as a career offender significantly over-represented the seriousness of his past criminal history. This court rejected that argument. Petitioner appealed from that sentence and the Third Circuit Court of Appeals affirmed. Petitioner's §2255 motion attempts to raise the same argument again only under a different theory. Petitioner's failure to assert that theory at sentencing or upon direct review, despite his concession that it was available, constitutes waiver of that argument, and petitioner has shown neither cause nor actual prejudice for his procedural default. Accordingly, petitioner's §2255 motion will be denied.

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under §2255 is entered a determination of whether a certificate of appealability should issue also must be made. The issuance of a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause). Congress now has mandated that "[a] certificate of appealability may issue ... only if the

applicant has made a substantial showing of a denial of a constitutional right." 28 U.S.C. §2253(c)(2). As the foregoing makes clear, petitioner's §2255 motion does not identify any basis which could support a substantial showing that a denial of a constitutional or federal right adversely affected his sentence. See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996) (discussing standards governing certificates of appealability).

For the reasons set forth above, petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 will be denied. Additionally, petitioner's incorporated request for a certificate of appealability also will be denied.

An appropriate order will follow.

ORDER OF COURT

AND NOW, this 25th day of October, 2006, for the reasons set forth above, IT IS ORDERED that petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 and supplemental petition (Document No. 47) be, and the same hereby is, denied; and,

IT FURTHER IS ORDERED that the incorporated request for a certificate of appealability be, and the same hereby is, denied.

Gustave Diamond
United States District Judge

cc: Michael Leo Ivory
Assistant United States Attorney

Thomas Livingston
Assistant Federal Public Defender